**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Complete Solutions, Inc.,
10701 Corporate Drive, Suite 232
Stafford, TX 77477

Partha Chakraborty
220 West Jersey Street, Apt 8G
Elizabeth, NJ 07202

Plaintiffs

Judge ________________________

v.

Eric H. Holder Jr., Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Docket: 1:14-cv-213

Ronald C. Machen Jr., US Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Lori Scialabba, Acting Director
U.S. Citizenship and Immigration Services
425 I Street, NW, Washington, DC 20536

Defendants
___________________________________

## COMPLAINT

## JURISDICTION

1. The Plaintiff, Complete Solutions, Inc. ("Petitioner" or "Complete"), is an IT consulting company; and Plaintiff, Partha Chakraborty ("Beneficiary") is a Complete employee. The beneficiary is a talented IT professional who received both Bachelor and MS degrees from India with more than ten years IT experience.

2. Chakraborty has been present in the United States for over 11 years, owns property in the US, and has a US Citizen child, and has worked for Complete for over six years.

3. Defendants are US Government entities.

4. The Jurisdiction of this Court is proper because the claims arise under the federal law, specifically the Administrative Procedure Act at 5 U.S.C. § 702 and the interpretation of the federal immigration laws.

5. Venue is proper under 28 U.S.C §1391(e) because Defendants are located and have their principal offices in this District.

**Facts and Procedures**

6. Plaintiff, Complete is an IT company providing computer-related services to its clients all over the United States.

7. Complete filed an I-140 petition under INA §203(b)(2), commonly known as "EB2," for the Beneficiary more than five years ago with case number SRC1012651261 (the "first I-140"). The USCIS denied this first I-140 on August 2, 2010 on the only ground that the beneficiary does not have the required MS degree.

8. Complete appealed the denial to Administrative Appeals Office(AAO), which affirmed the denial on January 16, 2013 on the same grounds that the beneficiary has failed to meet the requirements listed on ETA9089.

9. While contesting the first denial with AAO, Complete re-filed another I-140 on January 18, 2012 with receipt number SRC1280004475 (the "second I-140").

10. On April 9, 2013, USCIS - TSC issued a notice of intent to deny. Complete responded timely on May 9, 2013 using FEDEX courier that was delivered and signed for on May 10, 2013 at 10:27am by S. Hudson.

11. On May 15, 2013 TSC issued a denial on the basis that Complete failed to respond to the notice of intent to deny.

12. On May 21, 2013, Complete faxed a response to TSC with evidence of the timely delivered response.

13. On June 12, 2013, TSC re-opened the I-140 and vacated the denial and ordered: "that the original decision denying the Form I-140 be withdrawn. It is further ordered that a decision regarding the Form I-140 (SRC1280004475[ )] be sent under separate cover."

14. No decision was ever received by Complete, Mr. Chakraborty, or the attorney of record. Several service requests were made over the phone and through e-requests, two responses to the service requests were received from TSC, dated September 5, 2013 and the second dated November 15, 2013.

15. It appears that the second I-140 was denied again on August 8, 2013. However, no such denial notice has been received to date by any party involved.

16. For the first I-140 (SRC1012651261), USCIS arbitrarily claimed that the beneficiary does not meet the educational requirement of the ETA 9089 because he holds a 3-year BS degree and a 3-year, six semester MS in Computer Applications.

17. For the second I-140 (SRC1280004475), in addition to the previous evidences, we submitted a new evaluation issued by American Association of Collegiate Registrars and Admissions Officers ("AACRAO"), confirming that the beneficiary's MS degree in Computer Application is equivalent to US MS degree. However, we have no clue on what ground USCIS denied the second I-140 because we have never received the denial to the present time despite numerous contacts with USCIS as mentioned above.

18. The USCIS claimed that Chakraborty did not complete his Masters degree despite evidence from his India University to the contrary, multiple evaluations including one from AACRAO, all finding that the beneficiary holds the equivalent of a US Masters degree in Computer Applications.

**Count I**

**USCIS Violated its Own Regulation of 8 CFR §103.5(a)(5)**

19. Plaintiffs incorporate paragraphs 1 to 17.

20. USCIS quoted the full text of 8 CFR §103.5(a)(5) in its notice dated June 12, 2013 which re-opened the case, but they inexplicably failed to follow it:

> *Motion by Service officer* – (i) *Service motion with decision favorable to affected party.* When a Service officer, on his or her own motion, reopens a Service proceedings or reconsiders Service decision in order to make a new decision favorable to the affected arty, the Service office shall combine the motion and the favorable decision in **one action**…. (ii) *Service motion with decision that may be unfavorable to affected party.* When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision, and the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief. The officer may extend the time period for good cause shown. If the affected party does not wish to submit a brief, the affected arty may waive the 30-day period.

21. The clear language of the regulation requires that the service include either the decision, or notice of the decision with the services motion to re-open. The regulation clearly requires one action.

22. Defendants failed to include the decision taken with the service motion to re-open and in fact failed to notice Plaintiffs of the action taken at all.

**Count II**

**USCIS Arbitrarily and Capriciously Ignored Chakraborty's Educational Qualifications**

23. Plaintiffs incorporate paragraphs 1 to 21.

24. USCIS denied this case arbitrarily and capriciously because it completely disregarded its own regulations, its own case law, and the plain facts in this case.

25. Therefore, the denial violates the Administrative Procedure Act and creates an undue burden for the Plaintiff and Beneficiary. 5 USC §702.

26. Further, The regulation at 8 CFR §204.5(k)(2) states:

> Advanced degree means any United States academic or professional degree or a foreign equivalent degree above that of baccalaureate.

27. It is undisputed that the beneficiary possesses a 3-year BS followed by a 3-year MS in Computer Applications, both of which he received in his native country of India before the priority date. USCIS incorrectly denied this case on the ground his Master's degree somehow loses its credibility because he does not have the formal certificate but only a statement from his University that he completed all six semesters of course work and could not be considered an "advanced degree." USCIS has disregarded the fact that even ACCRAO, which is consistently relied by USCIS, concluded that his MS degree is equivalent to US MS degree.

28. USCIS arbitrarily and capriciously applied *Matter of Shah* 17 I&N Dec. at 245 to this case. *Matter of Shah* does not apply because this case addresses whether a 3-year bachelor is equivalent to bachelor's degree, while Chakraborty completed a three year MS in Computer Applications to the satisfaction of the University, and to the satisfaction of several evaluators.

29. USCIS normally rely on EDGE, a publication by American Association of Collegiate Registrars and Admissions Officers ("AACRAO") to determine equivalency. In the present case, however, USCIS totally ignored such evaluation issued by AACRAO.

30. USCIS also blatantly and without explanation disregarded the university statements that the beneficiary had satisfactorily completed the course requirements and had been awarded the MS degree.

31. In effect, USCIS was attempting to hold plaintiffs to a new and novel standard for an advanced degree, which on its face indicates arbitrary and capricious behavior. *Kazarian v. USCIS*, 580 F.3d 1030, 1121 (9th Cir. 2009).

32. It is well established that the evidence standard is that of preponderance, not clear and convincing. USCIS received no less than four evaluations stating that the beneficiary holds the equivalent of a US Master's degree in Computer Applications and statements from his University stating that he completed his course work and was granted a Masters degree. Evaluations and expert opinions may be discounted or given less weight by the agency only where it "is not corroborated, in accord with other information or is anyway questionable." AAO decision at 6, citing *Matter of Treasure Craft of California,* 14 I&N Dec. 190 (Reg. Commr. 1972) However, all the evaluations are consistent, corroborated and in accord with agency standards for evaluations; leaving no basis to discount or ignore them.

33. The totality of the evidence convincingly demonstrates that the beneficiary's Master's degree is equivalent to a U.S. Master's degree and therefore "above" a baccalaureate degree, thus meeting the requirements of the ETA 9089.

WHEREFORE, Plaintiffs respectfully request this Court:

1. Enter an order directing USCIS to approve this I-140 petition and promptly issue the notice to Complete and the attorney of record;

2. Award reasonable attorney fees;

3. Expedite the processing of this complaint;

4. Any further relief which the court may deem appropriate.

Respectfully submitted,

s/ Dehai Tao
(MI bar: P46504)
(DC MI0070)
Dehai Tao, P.C.
24 Frank Lloyd Wright Drive, B1400
Ann Arbor, Michigan 48105
Tel: (734) 930-7300;
e-mail: dehai@dehaitao.com

**Certificate of Service**

I hereby certify that on February 13, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the named defendants. I will send a copy of the Complaint and Summons, upon its electronic issuance by the Court, via Certified Mail with Return Receipt Requested to the following parties:

Eric H. Holder Jr., Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Ronald C. Machen Jr., US Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Lori Scialabba, Acting Director
U.S. Citizenship and Immigration Services
425 I Street, NW, Washington, DC 20536

s/ Dehai Tao
(MI bar: P46504)
(DC MI0070)
Dehai Tao, P.C.
24 Frank Lloyd Wright Drive, B1400
Ann Arbor, Michigan 48105

Tel: (734) 930-7300;
e-mail: dehai@dehaitao.com